

**FILED**

MAY 29 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 12-66-BLG-DWM |
| Plaintiff, | |
| vs. | ORDER |
| BENJAMIN QUINN McCHESNEY, | |
| Defendant. | |

Defendant McChesney, who is representing himself, has filed several motions. All but one patently lack adequate legal foundation. As to them, there is no need to await a response from the United States.

McChesney does not offer an adequate reason to "disclos[e] grand jury proceedings." The testimony of a grand jury witness who is called to testify at trial is made available to the defense under the terms of 18 U.S.C. § 3500 and Fed. R.

1

Crim. P. 26.2. The motion is denied.

McChesney does not offer an adequate reason to sever his case from that of his co-defendant, Romero. Assuming, for the sake of argument, that McChesney's assessment of the strategy of Romero's attorney is correct, severance would not change it. McChesney's right to a speedy trial has been and will continue to be honored under the terms of 18 U.S.C. § 3161. The motion is denied.

McChesney moves to exclude any testimony from his estranged wife, Megan McChesney. He states, "The problem here is that if the government chooses to call this unreliable witness, it will fall on defendants to attack the credibility of this witness." Mot. to Exclude (doc. 53) at 2-3. One of the central purposes of a trial is to give defendants the opportunity to attack the credibility of government witnesses. Fed. R. Evid. 403 does not support the exclusion of a witness who has probative testimony merely because McChesney claims her testimony will be false. The motion is denied.

McChesney's motion for a fair trial has been granted from the beginning of these proceedings. None of the rights to which he is actually entitled have been abridged; the right to a speedy trial, to take one example, does not confer a right to commence trial in the same instant the defendant demands his right. The motion is moot because there is no controversy over McChesney's right to a fair trial.

Liberally construing McChesney's motion for a fair trial as a motion to reconsider his earlier motion requesting disclosure of *Brady* and *Giglio* materials, *see* Mots. for Discovery (docs. 36, 37) and Order (doc. 42),[1] the motion is denied. McChesney has shown no reason to believe that the United States is unaware of its obligations under *Brady* and *Giglio* or has failed or will fail to meet its obligations. Throughout these proceedings, McChesney has repeatedly claimed that Megan McChesney lies, but he substantiates this claim only by pointing to the dismissal of the indictment in the kidnaping case. Statements in a brief, whether made by an attorney or a self-represented litigant, are not evidence. Why the United States moved to dismiss the indictment in the kidnaping case is not an issue in this case. Pretrial motions and pretrial "disclosure," in advance of trial and beyond the terms of Fed. R. Crim. P. 16, 26.2, 18 U.S.C. § 3500, and other controlling authority, are not the constitutionally mandated means of discovering the truth. Trial before a jury is the constitutionally mandated means of discovering the truth. The motion to reconsider the ruling on the motion for discovery is denied.

Accordingly, IT IS HEREBY ORDERED as follows:

---

[1] The Order of May 16, 2013 (doc. 42), mistakenly omitted reference to McChesney's first motion for discovery (doc. 36). A nunc pro tunc Order will be entered.

3

1. The motion for disclosure of grand jury proceedings (doc. 51) is DENIED;

2. The motion to sever (doc. 52) is DENIED.

3. The motion to exclude testimony of Megan McChesney (doc. 53) is DENIED;

4. The motion for a fair trial (doc. 54) is MOOT because there is no controversy as to McChesney's right to a fair trial;

5. The motion for a fair trial, construed as a motion to reconsider McChesney's previous motions for discovery, is DENIED.

IT IS FURTHER ORDERED that the United States shall respond to the motion to change venue in accordance with D. Mont. L.R. CR 47.

DATED this 24th day of May, 2013.

Donald W. Molloy
United States District Court